**NOT FOR PUBLICATION**

FILED

JUL 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ARMANDO SORIA GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 07-74464 <br> 08-74588 <br><br> Agency No. A075-709-407 <br><br> MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted June 8, 2012
Pasadena, California

Before:  TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.[**]

Armando Soria Gonzalez ("Petitioner"), a native and citizen of Mexico,

petitions for review of two final administrative orders issued by the Board of

Immigration Appeals ("BIA").  The BIA's February 21, 2008 amended order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

dismissed his appeal from an immigration judge's ("IJ") decision denying his application for special rule cancellation of removal under the Nicaraguan Assistance and Central American Relief Act ("NACARA"), Pub. Law 105-100, and ordered his voluntary departure from the United States. The BIA's order dated October 15, 2008 denied his motion to reopen the proceedings. This court has jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

## I.     The BIA's February 21, 2008 amended order

Petitioner appeals two issues decided in the BIA's February 21, 2008 amended order. First, he argues the BIA erred in determining that Petitioner failed to demonstrate the requisite good moral character under NACARA based on his payment to alien smugglers. Second, he argues the IJ erred in refusing to conduct additional factfinding on remand regarding his participation in the smuggling activity.

This court reviews questions of law de novo, including the application of law to undisputed facts. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir. 2005). Factual findings are reviewed for substantial evidence, meaning they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

**A.**      ***The BIA's determination that Petitioner failed to demonstrate the requisite good moral character for relief under NACARA***

Petitioner submits the BIA improperly considered his payment to alien smugglers on three separate grounds. First, he argues the BIA impermissibly found he lacked the requisite good moral character for NACARA relief. The BIA, however, may consider the "total content of any documentary evidence submitted before the [IJ]." In re A-S-B-, 24 I. & N. Dec. 493, 498 (BIA 2008). Here, Petitioner admitted under oath to paying alien smugglers to bring his mother, father, and brother-in-law into the United States from Mexico illegally. The BIA, having considered Petitioner's testimony, did not err in remanding proceedings to the IJ with instructions to properly apply the law to the factual record.

Second, he contends the record is insufficient to show his participation in alien smuggling as grounds for inadmissibility under 8 U.S.C. § 1182(a)(6)(E)(I). During his removal proceedings, however, Petitioner admitted to paying smugglers. Because the record is clear on this issue, Petitioner's argument is without merit.

Finally, Petitioner incorrectly argues that the plain language of § 1182(a)(6)(E)(I) excludes alien-smuggling activities undertaken before and after an undocumented alien enters the United States. This court has unequivocally held

that the language of § 1182 applies to a broad range of conduct. See, e.g., Urzua Covarrubias v. Gonzales, 487 F.3d 742, 748-49 (9th Cir. 2007) (holding "that alien smuggling under § 1182 continues until the initial transporter ceases to transport the alien"); Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir. 2005) ("An individual may knowingly encourage . . . illegal entry, even if he did not personally hire the smuggler and even if he is not present at the point of illegal entry.").

   **B.**      ***The IJ's decision not to conduct additional factfinding on remand***

Petitioner argues the IJ violated his due process rights by declining to conduct additional factfinding on remand concerning his participation in alien smuggling. A violation of due process occurs if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation omitted).

Petitioner had a reasonable opportunity to present evidence on the issue of alien smuggling during the very proceeding in which he admitted to paying an alien smuggler. Further, an IJ has broad discretion in considering new evidence on remand. The IJ here properly declined to revisit Petitioner's smuggling activity.

   **II.    The BIA's October 15, 2008 order**

4

Petitioner appeals the BIA's October 15, 2008 order denying his motion to reopen. This court reviews denials of motions to reopen for abuse of discretion. See Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir. 2002). "Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." Young Sun Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir. 2008) (citing Matter of Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992)).

Petitioner argues the elapsed time between his payment to smugglers and the BIA's final administrative decision merits reopening because he can now establish the requisite good moral character for special rule cancellation of removal under NACARA § 203. The BIA, however, has "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). In its order, the BIA concluded that the "mere passage of time does not constitute new evidence which would overcome [Petitioner's] heavy burden." This determination was not an abuse of its discretion.

**PETITION DENIED**.